Lee EASTWOOD

v.

**VICTOR TEMPORARIES and
Victor Comptometer.**

**Civ. A. No. C77–1133 A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 3, 1977.

Vincent W. Roses, Jr., Roses & Calloway, Atlanta, Ga., for plaintiff.

Daniel M. Shea, Smith, Currie & Hancock, Atlanta, Ga., for defendant.

### ORDER

MURPHY, District Judge.

This case concerns alleged unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1334 and 42 U.S.C. § 2000e–5(f)(1) and (3).

Plaintiff is a white female who was employed by defendant until her discharge in May, 1974. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) on June 18, 1974 and amended on December 27, 1976. The original charge stated:

"I believe that I have been discriminated against due to my sex—female. During my employment for approximately three years, I was not promoted or paid the same salary in accordance with male employees. During May 1974 I was discharged because I was a female. In addition, I feel that this company discriminated on the basis of race thereby depriving me of the right to work in an equal opportunity environment.

The EEOC investigated this charge and found credible testimonial evidence that plaintiff's job performance had been unsatisfactory. The Commission found no reason to believe that plaintiff's sex had been a factor in determining her pay or her discharge.

Plaintiff filed suit in United States District Court and repeated the charge that she had been fired because of her sex. Plaintiff has added contentions that her participation in an EEOC investigation led to harassment and intimidation by the defendant and was a factor in her firing. The case is before the court on defendant's motion to dismiss the portions of the complaint alleging intimidation, harassment and retaliation.

1. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, provides for administrative review of allegations of discrimination based on race, sex, religion or national origin. Under the statutory procedure, complaints are first filed with the EEOC. After the EEOC investigation, suit may be instituted after the receipt of a right to sue letter.

One of the most often repeated rules in Title VII litigation is that an aggrieved party may not bypass the administrative process with a direct appeal to the courts. See, for example, *Ostapowicz v. Johnson Bronze Company*, 541 F.2d 394 (3d Cir. 1976); *East v. Romine, Incorporated*, 518 F.2d 332 (5th Cir. 1975). Tempering this rule, however, is the recognition that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972).

Defendant, in the case *sub judice*, contends that charges of harassment and intimidation are improper in a civil complaint when the charge filed with the EEOC was limited to general allegations of sex discrimination. The appropriate standard for judging the acceptability of such a complaint has evolved to its present uncertain status from *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970).

In *Sanchez*, the complainant alleged that she had been the victim of sex discrimination. The EEOC investigation concluded that there had been no discrimination because of sex. The EEOC did find discrimination based on national origin, however, and a suit based on charges of national origin discrimination was permitted. The test adopted by the Fifth Circuit as to the proper scope of a complaint alleging Title VII violations was the test first embraced in *King v. Georgia Power Company*, 295 F.Supp. 943, 947 (N.D.Ga.1968):

> The complaint in the civil action is confined to those issues the original complaint has standing to raise, but may properly encompass any such discrimination like or reasonably related to the allegations of the charge and growing out of such allegations during the pendency of the case before the Commission.

Broadly stated, the "Like or Reasonably Related" test permitted suit based on any discriminatory practices the EEOC was able to uncover in their investigation, regardless of whether those practices had been mentioned in the initial complaint.

In *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971), the Fifth Circuit had occasion to restate the standard. This time, the language of *King* and *Sanchez* was amended by omission:

> The complaint in the civil action may properly encompass any discrimination like or reasonably related to the allegations of the charge and growing out of such allegations.

See *Jenkins v. Blue Cross Mut. Hospital Ins., Inc.*, 538 F.2d 164 (7th Cir. 1976) (*en banc*). No longer, it might seem, must the EEOC have been responsible for the expansion of the original charge.

As applied by the Fifth Circuit in *Gamble v. Birmingham Southern Railroad Co.*, 514 F.2d 678 (5th Cir. 1975), the *Sanchez-Danner* reasoning authorized a district court consideration of racial discrimination in the promotions to supervisor where the EEOC investigation had been limited to conductor promotions. Plaintiff relies upon these

cases for her contention that allegations of harassment and intimidation are permitted in the civil action even though they were not included in the original EEOC charge or dealt with in the EEOC investigation.

Two cases have dealt directly with the issue at hand. In *Wilkins v. Electron Corp.*, 4 F.E.P. 418 (D.Colo.1970), the court relied upon *King v. Georgia Power Co.*, supra, and held that allegations of harassment materially varied from charges filed with the EEOC. The court found at most an oblique relation between harassment and the general allegations of discrimination in the charge and dismissed the harassment count. Similarly, *Jiron v. Sperry Rand Corp.*, 423 F.Supp. 155 (D.Utah) held that harassment is a form of conduct rather than an employment practice and would exist separately from any employment practice. Harassment, the court held, must be specifically charged rather than implied from an administrative complaint.

The obligation to specifically allege harassment in the charges filed with the EEOC is less certain in other courts, however. A Texas court has permitted pursuit of a case on the ground of sex discrimination although no specific charge of sexual discrimination had been made to the EEOC and the EEOC did not discern implications of sexual discrimination from the charge filed with them. *Vuyanich v. Republic National Bank of Dallas*, 409 F.Supp. 1083 (N.D.Tex.1976). That court refused to limit the judicial inquiry because of the limited imagination of the EEOC in interpreting the employee-filed charge. Accord, *Hoston v. United States Gypsum Co.*, 67 F.R.D. 650 (E.D.La.1975).

■ The seminal point for our consideration is the focus of each of these cases on the issue of whether the allegations at issue in the civil action were "reasonably related" to the charges filed with the EEOC. See *Danner v. Phillips Petroleum Co.*, 447 F.2d at 162; *Vuyanich v. Republic National Bank of Dallas*, 409 F.Supp. at 1089 ("arises naturally and logically"). It must be concluded that complaints of harassment due to participation in prior employment investigations are not reasonably related to allegations that one was fired because of the individual's sex.

■ 2. In summation, the allegations of harassment, intimidation, and retaliation cannot be permitted because they were not first raised with the EEOC. They cannot be permitted under the charge as filed or amended with the EEOC because it is nowhere alleged that the harassment, intimidation, and retaliation is the product of sex discrimination. There is no reasonable relationship between these allegations and the charge as filed with the EEOC nor did these acts "grow out of" acts enumerated in the charge.

3. Accordingly, the motion to dismiss portions of the complaint is GRANTED.