June MEYER, Selma Punkyk, Agnes Healy and Dorothy Dubose, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

MACMILLAN PUBLISHING CO., INC., a corporation, Defendant.

No. 78 Civ. 2133 (MEL).

United States District Court,
S. D. New York.

Jan. 31, 1980.

As Amended Feb. 5, 1980.

Samuel Stein, New York City, for plaintiffs.

Linden & Deutsch, New York City, for defendant; David Blasband, New York City, of counsel.

LASKER, District Judge.

In this sex discrimination suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e. *et seq.*, the EEOC moves to intervene, and plaintiffs move for leave to file an amended complaint.

I. *The Motion to Intervene*

The EEOC moves to intervene as a plaintiff here pursuant to Rule 24(b) of the Federal Rules. of Civil Procedure [1] and sections 705(g)(6) and 706(f)(1) of Title VII, 42 U.S.C. §§ 2000e–4(g)(6), 2000e–5(f)(1),[2] on the grounds that this action presents a case affecting the public interest which the EEOC seeks to protect by its participation.

Macmillan Publishing Co. (Macmillan) opposes on the grounds that the motion is untimely, because the EEOC did not seek to intervene until five years after the original complaint was filed with that agency and a year and a half after the complaint was filed here.

 Whether to allow intervention under Rule 24(b) is within the court's discretion, yet

"[d]istrict courts should not be niggardly in allowing a government agency to intervene in cases involving a statute it is required to enforce; indeed, a hospitable attitude is appropriate."

*Blowers v. Lawyers Co-operative Publishing Company*, 527 F.2d 333, 334 (2d Cir. 1975). Macmillan has not shown any prejudice to its position resulting from the delay by the EEOC, and as Macmillan concedes, Memorandum in Opposition p. 8, delay is insufficient alone to mandate denial of the motion to intervene.

Macmillan argues further that intervention will cause delay in the resolution of this dispute because additional discovery will be conducted, the number of motions increased, and the issues for trial enlarged. Macmillan's fears appear unfounded. The EEOC has represented that it will co-ordinate its discovery with plaintiffs' counsel. Furthermore, the EEOC's complaint raises essentially the same issues raised by plaintiffs', that is, whether Macmillan discriminated against its employees because of their sex. Consequently, the proof offered by plaintiffs should match that offered by the EEOC which will not be permitted to extend the time required for trial.

 Finally, Macmillan argues that the EEOC. has not demonstrated a need for intervention. However, Macmillan cites no authority that the EEOC must demonstrate the need for intervention in order to succeed on this motion. Furthermore, the EEOC contends that this case raises important questions impacting on the public interest since Macmillan is a large publisher whose hiring policies affect other publishers. A determination of the merit of this contention, as presented by Macmillan, appears inappropriate. The EEOC's decision that this case warrants the allocation of its

1. Rule 24(b) provides:
"Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene;"

2. Section 705(g)(6) provides:
"The Commission shall have power—
"(6) to intervene in a civil action brought under section 2000e–5 of this title by an aggrieved party against a respondent other than a government, governmental agency or political subdivision."
42 U.S.C. § 2000e–4(g)(6).

Section 706(f)(1) provides:
"If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge."
42 U.S.C. § 2000e–5(f)(1).

limited resources is entitled to appropriate judicial deference.[3]

## II. *The Motion to Amend the Complaint*

Plaintiffs move to amend their complaint by adding: (1) the charge that Macmillan discriminated against plaintiffs in retaliation for their filing discrimination charges with the EEOC and (2) the claim that Macmillan is a subsidiary of Macmillan, Inc. and that the latter controls Macmillan's day-to-day operations, policy making and implementation and its decisions as to personnel.

Macmillan opposes the first on the grounds that the court lacks jurisdiction as to the retaliation charge because it has not been filed with the EEOC and no "right to sue" letter as to retaliation has been obtained from the EEOC, and the second on the grounds that Macmillan, Inc. is not a party to this litigation and whether Macmillan followed the policies of its parent is irrelevant to the case.

### A. *The Retaliation Claim*

■ A prerequisite to bringing a Title VII action is filing a discrimination charge with the EEOC and obtaining from that agency a "right to sue" letter. *See Alexander v. Gardner-Denver Co.,* 415 U.S.C. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); 42 U.S.C. § 2000e–5(f)(1). The scope of the judicial action is then limited to (1) the scope of the actual EEOC investigation or (2) "the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination'" filed with the EEOC. *Silver v. Mohasco Corp.,* 602 F.2d 1083, 1090 (2d Cir. 1979) (quoting *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 107 n. 10 (2d Cir. 1978); *Hicks v. ABT Associates, Inc.,* 572 F.2d 960, 966 (3d Cir. 1978); *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 399 (3d Cir. 1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.

1970); *Halpert v. Wertheim & Co.,* 81 F.R.D. 734, 736 (S.D.N.Y.1979); *Eastwood v. Victor Temporaries,* 441 F.Supp. 51, 53 (N.D.Ga.1977).

Plaintiffs and the EEOC here allege that the motion should be granted for both reasons, and Macmillan denies that either applies.

Review of the exceptionally voluminous papers (including not only memoranda and letter memoranda, but documents submitted by the EEOC from its file) leaves a muddied impression.

The documents furnished on this motion by the EEOC fail to illuminate this matter. The original charge, of course, does not literally include a charge of retaliation. If it did, the issue would not exist. Nor does the material submitted by the EEOC establish, by a person with first-hand knowledge, whether the EEOC has at any time investigated the alleged retaliation by Macmillan. Instead, there has been presented only a paper chain of argumentation and asserted implication and that only on the authority of a staff attorney at the EEOC whose acquaintance with the processing of the case is derived from the same documents from the EEOC file submitted to the court which were found inconclusive on this question. In sum, it has not been established that the EEOC actually investigated the retaliation charge.

As to the question whether an investigation of the retaliation charge reasonably would be expected to grow out of the discrimination charges, here again nothing in the documents submitted supports the position taken by plaintiffs and the EEOC. For the EEOC reasonably to be expected to investigate the retaliation charge, that agency should have been alerted to the claim. *See Halpert v. Wertheim, supra,* 81 F.R.D. 734, 736 (S.D.N.Y.1979); *Eastwood v. Victor Temporaries, supra,* 441 F.Supp. 51, 53 (N.D.Ga.1977). The EEOC argues that "the original 'on behalf of' charge was

---

**3.** Macmillan also contends that the public interest is already protected by a consent order of the New York State Division of Human Rights. The EEOC's determination that the present litigation is sufficiently important to warrant its intervention despite the existence of this order is entitled to the same judicial deference.

in effect an antiticipatory [*sic*] retaliation charge." Letter from Janice Siegel Trial Attorney, EEOC (October 9, 1979). The contention is without merit. The inclusion of the "on behalf of" charge might be expected to alert the EEOC to a claim that discrimination was practiced on a class of women, but cannot reasonably be expected to alert the agency to the separate and distinct charge of retaliation.

*Silver v. Mohasco Corp.*, 602 F.2d 1083 (2d Cir. 1979), does not require a contrary conclusion. In *Silver*, the court held that a blacklisting charge was reasonably related to the original discrimination charge filed with the EEOC and that the plaintiff could press his blacklisting charge in his Title VII action. However, in *Silver*, the plaintiff had written to the EEOC and to the New York State Division of Human Rights concerning his belief that he had been blacklisted. *Id.* at 1086. Consequently, *Silver* may be distinguished from this case because the EEOC had been specifically alerted to the blacklisting charge in that case while here, we find that the agency has not been alerted to the retaliation charge.

 Accordingly, the motion to amend to add the charge of retaliation is denied at this time, without prejudice, however, to renewal within sixty days of the filing of this memorandum, on presentation of evidence based on personal knowledge that investigation of the question by the EEOC actually occurred.

### B. *The Reference to Macmillan, Inc.*

Plaintiffs also move to amend the complaint by alleging that Macmillan is a subsidiary of Macmillan, Inc., and that the latter controls Macmillan's day-to-day operations, policy-making and implementation and its decisions as to personnel.

Macmillan opposes on the grounds that Macmillan, Inc. is not a party to the litigation (plaintiffs acknowledge that they intend to demonstrate that Macmillan, Inc. is the "real party in interest," *see* Letter Douglas D. Scherer, counsel for plaintiffs, page 10 (September 21, 1979)) and that, in any event, it is irrelevant whether Macmillan followed the policy of Macmillan, Inc.

Macmillan's argument is not persuasive. Proof that Macmillan actually followed Macmillan, Inc.'s policy—if indeed the latter pursued a policy relevant to the charges made by the complaint—would surely strengthen plaintiffs' case and render it more credible; and failure to prove the allegation would result in no prejudice to Macmillan or Macmillan, Inc. The assertion at the moment would merely add an item of alleged history which the event will either prove to be well founded or not. Macmillan does not claim that the proposed allegation is offered in bad faith, and to permit its inclusion in the complaint before discovery has commenced will not prejudice Macmillan, nor, for that matter, Macmillan, Inc.

■ The motion to amend is granted as to the proposed allegations relating to Macmillan, Inc., and is denied without prejudice to renewal within 60 days as to the proposed allegations relating to retaliation. The motion to intervene is granted. The plaintiffs shall file an amended complaint within ten days.

It is so ordered.