**Carolee KOSTER, Plaintiff,**

v.

**CHASE MANHATTAN BANK and Allan Ross, Defendants.**

**No. 81 Civ. 5018 (GLG).**

United States District Court,
S.D. New York.

Jan. 7, 1983.

Kresky, Sinawski & Hollenberg by Gary Sinawski, New York City, for plaintiff.

Proskauer Rose Goetz & Mendelsohn by Morton M. Maneker, Jeffrey B. Schreier, New York City, for defendant Chase Manhattan Bank.

Milgrim, Thomajan, Jacobs & Lee by Robert F. Fink, Louis Schulman, New York City, for defendant Allan Ross.

OPINION

GOETTEL, District Judge:

This is an action brought by Carolee Koster against the Chase Manhattan Bank (Chase), her employer from 1973 to 1980, and Allan Ross, a former Executive Vice President of Chase and her supervisor from 1979 to 1980.[1] She alleges that the defendants are liable for sex discrimination, sexual harassment, and various common law torts. Before this Court are the defendants' mo-

1. The plaintiff was also a vice president at this time.

tions to dismiss portions of the complaint.[2] For the reasons stated below, these motions are denied.

## I. Title VII Claims

Count I of the complaint contains allegations of sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 (1976). Specifically, the plaintiff alleges, *inter alia,* that, while employed at Chase, she received less compensation and less favorable conditions of employment than similarly situated male employees and that, while Ross was her supervisor at Chase, he forced her to engage in a sexual relationship with him and commenced a "campaign of abusive behavior" toward her when she terminated the relationship.[3]

The defendants proffer a number of arguments in support of their motions to dismiss. First, both Chase and Ross contend that the plaintiff's allegations of sexual harassment must be dismissed because she did not explicitly charge sexual harassment in her administrative complaint filed with the EEOC. Second, Ross argues that, insofar as the claim relates to Ross's alleged requests for sexual favors, it must be dismissed because it fails to allege that submission to these sexual advances was a term or condition of employment. Finally,

Ross argues that he cannot be named as a defendant in this count because he was not named as a respondent in the complaint before the EEOC. None of these arguments warrant dismissal at this stage of the litigation.[4]

### A. Failure to Allege Sexual Harassment

Before filing a Title VII action, the plaintiff must first bring the charges before the EEOC and obtain a right to sue letter from the agency. 42 U.S.C. § 2000e–5(f)(1) (1976); *see Meyer v. MacMillan Publishing Co.,* 85 F.R.D. 149, 151 (S.D.N.Y.1980). The scope of the judicial complaint "is then limited to . . . the scope of the actual EEOC investigation or . . . 'the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" ' filed with the EEOC." *Meyer v. MacMillan Publishing Co., supra,* 85 F.R.D. at 151 (quoting *Silver v. Mohasco Corp.,* 602 F.2d 1083, 1090 (2d Cir.1979) (quoting *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 107 n. 10 (2d Cir.1978)), *rev'd on other grounds,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)); *accord, Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465–66 (5th Cir.1970).

In the present case, the plaintiff's allegations of sexual harassment are properly before this Court.[5] In her administra-

---

**2.** The defendants previously moved for a protective order pursuant to Fed.R.Civ.P. 26(c). This motion was denied. *Koster v. Chase Manhattan Bank,* 93 F.R.D. 471 (S.D.N.Y.1982).

**3.** According to the plaintiff, Ross

denied and caused her to be denied salary increases commensurate with her position and responsibilities and with the salary increases granted to similarly situated males; treated her harshly and coldly on the job; spoke to her and about her in abusive and demeaning terms in front of her superiors, peers and subordinates; inundated her with meaningless clerical-level assignments for which he set unreasonable deadlines; denie[d] her access to meetings, personnel and information she needed in order to carry out her assignments and then denigrated her for not carrying them out; divested her of much of her status and many of her responsibilities; and denied her requests for a transfer to another department and her requests to

compete for position vacancies for which she was qualified, even though male employees were given the opportunity to transfer among departments and to compete for position vacancies.

Amended Complaint ¶ 13.

**4.** In his reply papers, Ross also makes the argument that the sexual harassment claim is time-barred because the alleged harassment ended in June 1979. The plaintiff, however, alleges that the harassment continued until her termination from Chase in 1980.

**5.** It may be fair to say that, as a general rule, an EEOC investigation into charges of sex discrimination in areas such as pay, promotion, and conditions of employment could not reasonably be expected to uncover incidents of sexual harassment. *See, e.g., Montano v. Amstar Corp.,* 502 F.Supp. 295, 296 (E.D.Pa.1980). This case, however, does not fall within the general rule because the plaintiff, in her admin-

tive complaint, the plaintiff alleged, *inter alia,* that, while Ross was her supervisor in 1979 and 1980, he treated her in a malicious and abusive manner "in front of [her] subordinates, peers, and higher level managers," gave her clerical assignments with unreasonable deadlines, and did not give her responsibilities commensurate with her position as a vice president. She alleges in this complaint that these actions were part of a "campaign of abusive behavior" begun by Ross immediately following her termination of the sexual relationship in 1979. It seems likely that, if the EEOC had investigated the plaintiff's charges, it would have sought an explanation for Ross's alleged behavior. As this behavior was allegedly caused by the plaintiff's termination of the sexual relationship, it is equally likely that the alleged sexual harassment would have come to the EEOC's attention. Thus, it is inappropriate to dismiss the plaintiff's allegations of sexual harassment at this time.

### B. Failure to State a Claim

■ Ross's second argument is equally unavailing. Although Ross is correct in pointing out that, to prevail on a claim for sexual harassment, the plaintiff must plead and prove that the harassment affected a term, privilege, or condition of employment, *see Henson v. City of Dundee,* 682 F.2d 897, 904, 909 (11th Cir.1982); *Heelan v. Johns-Manville Corp.,* 451 F.Supp. 1382, 1389 (D.Colo.1978), he is incorrect in arguing that the plaintiff has failed to plead a claim for sexual harassment sufficiently to survive a motion to dismiss. The plaintiff alleges that, in early 1979, she engaged in a sexual relationship with Ross because Ross told her "that her success at Chase or anywhere else depended on him," and "that if she left Chase, he would give her poor references in order to see to it that she did not secure a comparable position elsewhere." Amended Complaint ¶ 11. When she termi-

nated the relationship in June 1979, Ross allegedly embarked upon the "campaign of abusive behavior" noted above, *see supra* note 3, and continued to demand sexual favors from the plaintiff. According to the plaintiff, her employment at Chase was eventually terminated because "of her continuing refusal to submit to Ross'[s] continuing demands for sexual favors." *Id.* ¶ 28.[6] It seems clear to this Court that, if the plaintiff proves these allegations, she will prevail on her Title VII claim of sexual harassment. *See Henson v. City of Dundee, supra,* 682 F.2d at 899–913. (Each of the following allegations was sufficient to state a claim under Title VII: that sexual harassment resulted in a "hostile and demeaning" work environment; that sexual harassment compelled the plaintiff to resign her position with the police department; and that the plaintiff was prevented from attending the police academy because of her refusal to have sexual relations with her supervisor.); *Heelan v. Johns-Manville Corp., supra,* 451 F.Supp. at 1384–85 (termination resulting from refusal to accede to sexual advances constituted a violation of Title VII). Accordingly, her claim should not be dismissed. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957) ("complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (footnote omitted)).

### C. Failure to Name Ross as a Respondent in the EEOC Charge

■ Turning to the final argument, the Court notes that, as a general rule, before one can be sued under Title VII, one must be named as a respondent in the EEOC charge. 42 U.S.C. § 2000e–5(f)(1) (1976). The purpose of this requirement is to notify

istrative complaint, alleged more than discrimination in pay, promotion, and conditions of employment.

**6.** The plaintiff's motion papers indicate that part of her Title VII claim for sexual harassment is that she was discharged from Chase

because of her refusal to submit to Ross's demands for sexual favors. She does not, however, explicitly state this in Count I, although she does do so in Count VI. The plaintiff should, therefore, replead to make this contention explicit in Count I.

the charged party of the alleged violation and to bring him before the EEOC, thereby permitting "effectuation of the Act's primary goal, the securing of voluntary compliance with the law." *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711, 719 (7th Cir. 1969); *accord, Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977); *Wong v. Calvin,* 87 F.R.D. 145, 147–48 (N.D.Fla.1980); *Travers v. Corning Glass Works,* 76 F.R.D. 431, 432 (S.D.N.Y.1977). When failure to comply with this requirement does not undermine the purpose of the requirement, however, courts have allowed Title VII plaintiffs to sue defendants who were not named in the EEOC complaint. *See Women In City Govt. United v. New York,* 515 F.Supp. 295 (S.D.N.Y.1981); *Goodman v. Board of Trustees of Community College District 524,* 498 F.Supp. 1329, 1332–34 (N.D.Ill. 1980); *Wong v. Calvin, supra,* 87 F.R.D. at 147–49; *see also Glus v. G.C. Murphy Co., supra,* 562 F.2d at 888. As the Third Circuit has noted,

> [t]he goal of conciliation without resort to the already overburdened federal courts is of great importance and should not be lost. However, equally important is the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance.

*Id.*

■ The present case warrants a deviation from the general rule. First, allowing the plaintiff to proceed against Ross despite her failure to name him as a respondent in the EEOC charge does not undermine the statutory goal of conciliation without resort to the federal courts because there was never any administrative investigation of the plaintiff's charges, and thus, no conciliation efforts were ever made. Moreover, if an effort to investigate and conciliate had been made, they surely would have involved Ross because it was his actions that formed the basis of many of the charges filed with the EEOC. *See Goodman v. Board of Trustees of Community College District 524,* 498 F.Supp. at 1333. Second, Ross will not be prejudiced by allowing the plaintiff to name him as a defendant in this action. It is difficult to believe that Ross was completely unaware of the plaintiff's administrative complaint.[7] Even if it is assumed that Ross had no knowledge of the plaintiff's charges, the absence of any investigation or efforts to conciliate obviates any prejudice that could have resulted from a lack of notice. Accordingly, the Court deems in inappropriate to dismiss the plaintiff's Title VII claims against Ross at this time.

## II. Equal Pay Act Claim

Count II of the complaint alleges that the defendants violated the Equal Pay Act, 29 U.S.C. § 206(d) (1976) by "paying [the plaintiff] at a rate less than the rate at which Chase pays male employees for equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions." Amended Complaint ¶ 17. Chase does not question the legal sufficiency of this count. Ross, however, contends that he cannot be a defendant in this count because he was not an employer

---

7. In an affidavit, Ross states that

> [t]o the best of my knowledge, I was not named as a defendant in [the administrative] proceeding. A copy of the charge was never served on me. I was never contacted by either the New York City Commission on Human Rights or the EEOC. I did not participate in any investigation or inquiry conducted by them. Nor was I contacted by the plaintiff regarding any proceedings. In addition I was not served with a copy of the EEOC's "right to sue" letter. The first notice I had that plaintiff intended to bring charges against me was when I received a call from a press service reporter seeking comment on the charges contained in the complaint in this action.

Ross Affidavit ¶ 5. Interestingly, Ross does not state that he had no knowledge of the plaintiff's administrative complaint or the charges contained in the complaint.

within the meaning of the Equal Pay Act. The Court disagrees.

■ The definition of an employer for the purposes of the Equal Pay Act is very broad, encompassing anyone who acts "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d) (1976). Ross was an officer of Chase and the plaintiff's immediate supervisor in 1979 and 1980. As her immediate supervisor, he reviewed her work and made recommendations concerning such personnel related decisions as salary and promotion. (Indeed, according to the plaintiff, Ross's recommendations in these matters were usually "rubber stamped" by Ross's supervisor.) It is, therefore, difficult to imagine that Ross was not acting "in the interest of [Chase] in relation to [the plaintiff]" when he was the plaintiff's supervisor. *See Marchak v. Observer Publications, Inc.,* 493 F.Supp. 278, 282 (D.R.I.1980) ("officers of corporations are routinely held to be 'employers' "). At the very least, it is an issue of fact to be determined at trial.[8] *Wirtz v. Pure Ice Co.,* 322 F.2d 259, 262 (8th Cir.1963). Accordingly, Ross's motion to dismiss Count II is denied.[9]

SO ORDERED.

---

8. Although it is clear from the plaintiff's motion papers that she contends that Ross is an employer within the meaning of the Equal Pay Act, she has not made such an allegation in the complaint. She has simply alleged that he was a vice president of Chase and her immediate supervisor at Chase. The plaintiff should, therefore, replead to make explicit her contention that Ross was an employer within the meaning of the Equal Pay Act.

9. The defendants have also moved to dismiss Counts III through VII, which concern alleged violations of New York State statutory and common law. Whether these claims are legally sufficient, however, need not be determined at this time. As the plaintiff can proceed on her federal causes of action and as the state claims are essentially based on the same facts as the federal ones, the Court thinks it better to await trial before addressing the issues raised by the remainder of the defendants' motions.