**Mary CLAY, Plaintiff,**

v.

**ILC DATA DEVICE CORPORATION, Clifford Lane, John Vogel and Marge Kramer, Defendants.**

**No. CV 90–4231.**

United States District Court, E.D. New York.

Aug. 27, 1991.

**42**

Edward R. Hopkins, Hauppauge, N.Y., for plaintiff.

Leibowitz, Peterson & Kane, by James A. Kane, Jr., Garden City, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, plaintiff Mary Clay ("plaintiff") asserts, *inter alia*, claims of employment discrimination based on her sex, pursuant to Title VII of the Equal Employment Opportunity Act, 42 U.S.C. § 2000e–5. Named as defendants are ILC Data Device Corporation ("ILC"), Clifford Lane, John Vogel, and Marge Kramer. Currently before the Court is defendants' motion, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the second, third, fourth and fifth counts of the complaint. In addition, defendants make an application to strike plaintiff's jury demand. After a brief statement of the background facts, the Court will turn to address the parties' motions.

## BACKGROUND

Plaintiff was previously an employee of defendant ILC. At one point she became pregnant and requested a maternity leave from her employer. That leave commenced on January 29, 1988; however, before plaintiff's return, she was discharged by ILC on August 10, 1988. On November 16, 1988, plaintiff filed a complaint with the New York State Human Rights Commission ("HRC") alleging that the discharge was discriminatory. The HRC thereafter submitted the complaint to the Equal Employment Opportunity Commission ("EEOC"). Pursuant to an agreement between the two governmental agencies, the HRC was responsible for investigating the charges. By letter dated December 6, 1988, the HRC sent notice of the complaint to defendant ILC, however, because of a case backlog the HRC was unable to immediately initiate an investigation. After a delay of almost two years during which time no investigation was commenced, plaintiff requested and received a right to sue letter from the EEOC on September 19, 1990. Subsequently, plaintiff commenced the action at bar.

Count one of plaintiff's complaint alleges that she was discriminatorily discharged in violation of 42 U.S.C. § 2000e–2. Count two of plaintiff's complaint alleges sexual harrassment in violation of 42 U.S.C. § 2000e–2. The third count of plaintiff's complaint alleges denial of severance pay, calculated to be $8,100, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and more particularly § 1132(a)(1)(B). The fourth count of the complaint alleges retaliation by ILC to the filing of the administrative complaint, in violation of 42 U.S.C. 2000e–2(a). The fifth count alleges the state law claim of intentional infliction

of emotional distress. In their motion to dismiss, defendants argue that: (A) as to counts two and four, the Court lacks subject matter jurisdiction, or alternatively that these claims are time-barred; (B) as to count three, that the complaint fails to state a cause of action under ERISA, 29 U.S.C. § 1001 *et seq.;* (C) that the fifth cause of action, for intentional infliction of emotional distress, is time-barred; and lastly, (D) defendants oppose plaintiff's request for a jury trial.

### DISCUSSION

■■■ On a motion to dismiss, the allegations of the complaint must be accepted as true, *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), and the complaint must be construed in a light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Furthermore, a complaint cannot be dismissed for failure to state a claim unless it appears, beyond a doubt, "that the plaintiff can prove no set of facts in support of [a] claim which could entitle him to relief." *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984) (citations omitted), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985).

### A. *Subject Matter Jurisdiction of Title VII Claims*

Both counts two and four of the complaint allege violations of the Equal Employment Opportunity Act (Title VII), for which subject matter jurisdiction is generally conferred by 42 U.S.C. § 2000e–5(f)(3). However, before subject matter jurisdiction is conferred, an administrative determination must be made by the EEOC. More particularly, an action may be initiated in the district court within 90 days after plaintiff's receipt of notice, ("a right to sue letter"), from the EEOC. That right to sue letter is generally available "[i]f a charge filed with the Commission pursuant to subsection (b) ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement...." 42 U.S.C. § 2000e–5(f)(1).

It is to be noted that count one of the complaint, alleging discriminatory discharge and denial of severance pay benefits, was properly filed with the EEOC. After the 180 day period, plaintiff requested and received a right to sue letter, thus properly conferring subject matter jurisdiction with respect to that count. Counts two and four, however, were never alleged in the original EEOC complaint. In order to amend the EEOC complaint, the law provides that all charges "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice...." 42 U.S.C. § 2000e–5(e). Because almost two years had elapsed since the occurence of the conduct alleged in counts two and four, subsequent amendment of the EEOC complaint to include those allegations, in compliance with the time frame of the statute, was impossible. Thus, defendants argue that those claims must be dismissed.

■■ However, in recognition of the fact that in many instances the original EEOC complaint may be incomplete, the Second Circuit has refused to limit judicial inquiry to those original charges. *Almendral v. New York State Office of Mental Health,* 743 F.2d 963, 967 (2d Cir.1984); *see also Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465–66 (5th Cir.1970). The underlying rationale for these rulings is that many complainants file without legal representation, and are thus unaware of the legal requirements and ramifications. *Sanchez,* 431 F.2d at 463. Accordingly, the statute has been liberally construed in keeping with its remedial purpose, i.e., the protection of employees from unlawful discrimination. *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 105 (2d Cir.1978); *see also Love v. Pullman,* 404

**44**

U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). In deciding what additional claims may properly be considered, the Second Circuit has held that "district courts may assume jurisdiction over a claim 'reasonably related' to a charge filed with the EEOC, including incidents occurring after the filing of the EEOC claim." *Stewart v. Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir.1985) (citations omitted).

■ With respect to the case at bar, the charges contained within the fourth cause of action, alleging retaliation, clearly fall within the parameters of the "reasonably related" rule. *Id.* Retaliatory conduct stems directly from the filing of the complaint, and therefore shares a close relationship with the original charges. By its nature, retaliatory conduct occurs subsequent to the complaint and cannot be included in the original complaint. *National Org. for Women v. Sperry Rand*, 457 F.Supp. 1338, 1344 (D.Conn.1978); *see also Malave v. Bolger*, 599 F.Supp. 221, 222 (D.Conn.1984). Furthermore, it has been noted that routine EEOC procedure calls for the investigation of retaliatory conduct. *Leisner v. New York Tel. Co.*, 358 F.Supp. 359, 362 n. 1 (S.D.N.Y.1973).

■ As to the harassment charges contained in the second cause of action, in the Court's view they cannot be deemed reasonably related to the charges of sexual discrimination contained in the first count. Plaintiff's harassment count essentially comprises three allegations: (1) derogatory remarks allegedly based on plaintiff's pregnant condition; (2) crude and obnoxious remarks designed to embarrass plaintiff; and (3) physical harassment accomplished by throwing paper objects at plaintiff. With respect to the first allegation, it has been held that harassment which sheds light on the motive for termination is reasonably related to the termination charges

contained in an EEOC complaint. *Koster v. Chase Manhattan Bank*, 554 F.Supp. 285, 288 (S.D.N.Y.1983). However, at least one district court has defined harassment as a form of conduct separate and unrelated to an employment practice such as the decision to terminate. *Eastwood v. Victor Temporaries*, 441 F.Supp. 51, 53 (N.D.Ga.1977). In the case at bar, the harassment alleged by plaintiff is not of the nature which would shed light on plaintiff's termination. Although perhaps incidental to her pregnancy, the remarks appear to have been separate and discrete, rather than continuing and inextricably linked to her termination.[1] With respect to the second and third allegations of harrassment, the remarks and conduct represent broad and general forms of taunting which appear totally unrelated to Ms. Clay's termination. Therefore those incidents are unlikely to be investigated by the agency concerned with discriminatory termination resulting from pregnancy. *Kawatra v. Medgar Evers College of the City of New York*, 700 F.Supp. 648, 654 (E.D.N.Y.1988); *Torriero v. Olin Corp.*, 684 F.Supp. 1165, 1170 (S.D.N.Y.1988).

■ Defendants further contend that even if the claims alleged in counts two and four of the complaint can be considered reasonably related, they are nonetheless untimely. However, the Supreme Court has held that timely filing of a charge alleging discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Instead, the time requirement functions similarly to a statute of limitations, subject to waiver, estoppel, and tolling. *Id.* As to this point, it has been held that a violation of the 300 day filing period may not be raised as a defense when the additional charge is reasonably related to the charge contained in

---

1. For example, plaintiff alleges that defendant Vogel described plaintiff as having a "low c.g.," or "center of gravity," apparently in reference to her pregnancy. *See* Complaint at para. 46. In addition, plaintiff alleges that defendant Vogel's remarks, which included "you are dicking around," and "you've got me by the balls,"

amounted to sexually harassing conduct. *Id.* at paras. 48–55. Since these allegations were never presented to the EEOC, and are not reasonably related to the charges which were presented in the EEOC complaint, they cannot be properly presented to this Court.

the EEOC complaint. *Bennett v. Department of Corrections,* 705 F.Supp. 979, 982 (S.D.N.Y.1989) (noting that "if the initial charge before the EEOC did not apprise the defendant that the claim in question would be subject to the EEOC's inquiry, then that claim is not reasonably related to the EEOC charge"). In other words, because the Commission may expand its investigation of charges to include retaliatory conduct, it would be unfair to preclude the Court from doing so.

On the other hand, defendant relies upon cases which have held that the timely filing of a complaint is an absolute prerequisite to the bringing of a Title VII action. *United Airlines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Byrd v. Long Island Lighting Co.,* 565 F.Supp. 1455, 1465 (E.D.N.Y.1983). However, the case at bar is distinguishable in that there exists a properly filed EEOC charge to which the time-barred charge is ancillary. Accordingly, for the reasons stated above, defendant's motion to dismiss is granted as to the second cause of action and denied as to the fourth cause of action.

B. *Failure to State a Claim Under ERISA*

Plaintiff's third cause of action alleges a violation of ERISA based on defendants' failure to pay severance benefits following her discharge. Plaintiff alleges that it was defendants' practice to pay discharged employees severance payments in an amount measured by the employee's time in service. It is to be noted that the plan was not made pursuant to any written agreement, and was paid from operating revenues.

■ The Second Circuit has held that "severance pay is an unemployment benefit," and that "an unfunded severance pay policy constitutes an 'employee welfare benefit plan' under § 1002(1)(A)." *Gilbert v. Burlington Indus.,* 765 F.2d 320, 325 (2d Cir.1985), *aff'd without opinion,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986). Furthermore, the Supreme Court has construed § 3(1)(B) of ERISA to cover severance benefits paid out of general assets.

*Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 7, n. 5, 107 S.Ct. 2211, 2215, n. 5, 96 L.Ed.2d 1 (1987). Thus, defendants' severance plan, though unfunded, could fall within the ambit of ERISA.

Additionally, plaintiff is not necessarily precluded from ERISA coverage merely because no written agreement meeting taxation and other requirements existed. As stated by the Ninth Circuit, "ERISA operates to protect an employee's interest in the welfare benefit program regardless of whether the employer complies with the administrative and reporting requirements detailed under ERISA." *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1352 (9th Cir.), *cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985). In *Blau,* the court held that an unpublished severance benefits package was cognizable under ERISA. *Id.*

■ Alternatively, defendant contends that suit is improper because plaintiff has failed to exhaust her administrative remedies by failing to appeal ILC's decision to deny severance benefits. However, nowhere in defendant's pleadings is it alleged that any appeals process existed, or that plaintiff was required to take any additional steps for appeal. Furthermore, plaintiff's affidavit alleges that she was never informed of an appeals process. Therefore, based upon the pleadings before this Court, defendant's contention must be rejected. *See Dahlberg,* 748 F.2d at 88 (emphasizing that a complaint may not be dismissed for failure to state a claim unless it appears, beyond a doubt, that plaintiff can prove "no set of facts" in support of his claim). Accordingly, applying the standard for a motion to dismiss, *see id.,* defendants' motion is denied as to plaintiff's third cause of action.

C. *Time Bar of State Claim*

■ In the fifth cause of action, plaintiff alleges the state law tort claim of intentional infliction of emotional distress. Although plaintiff asserts that a three year statute of limitations applies, defendant raises the affirmative defense that the cause of action is time-barred. Under New

**46**

York law, it is well-established that a one year statute of limitations is applied to actions alleging intentional infliction of mental distress. *Weisman v. Weisman,* 108 A.D.2d 853, 485 N.Y.S.2d 570, 571 (2d Dep't 1985); *Jemison v. Crichlow,* 139 A.D.2d 332, 531 N.Y.S.2d 919, 922 (2d Dep't 1988), *aff'd,* 74 N.Y.2d 726, 544 N.Y.S.2d 813, 543 N.E.2d 78 (1989); *Rosado v. City of New York,* 713 F.Supp. 124, 125 (S.D.N.Y.1989). Accordingly, defendants' motion to dismiss is granted as to the fifth cause of action.

**D.** *Right to Jury*

Lastly, the Court considers plaintiff's request for a jury trial. Although this issue was not expressly raised by defendants' motion, it was argued in both plaintiff's and defendants' papers on the motion. It must first be noted that no right to a jury trial has been recognized with regard to Title VII actions within this circuit. *Snell v. Suffolk County,* 611 F.Supp. 521, 523 (E.D.N.Y.1985), *aff'd,* 782 F.2d 1094 (2d Cir.1986). Inasmuch as the state-law claim alleged in count five must be dismissed, plaintiff's right to a jury trial, if any, will be predicated on the ERISA claim alleged in the third cause of action.

ERISA itself contains no express provision for a jury trial. In the Second Circuit, courts have relied on *Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984), for the proposition that no right to a jury trial exists when an ERISA claim is equitable in nature. In addition, in *Nobile v. Pension Comm. of Pension Plan,* 611 F.Supp. 725, 728 (S.D.N.Y.1985), the plaintiff sought restitution of pension benefits based on a breach of the fiduciary duty to provide information about the pension plan. Since the ERISA claim at issue stemmed from the law of trusts, the court held that the claim was equitable in nature and denied plaintiff's request for a jury trial. *Id.*

■ Turning to the case at bar, plaintiff seeks recovery of a specific sum of money calculated according to her prior service with ILC. Hence the action is to compel restitution of these benefits from the plan administrator. Since this remedy is equitable in nature, no right to a jury trial exists. Although plaintiff cites *Vicinanzo v. Brunschwig and Fils, Inc.,* 739 F.Supp. 882 (S.D.N.Y.1990), in support of the right to a jury trial, as to the case at bar it must be emphasized that "[m]erely because plaintiff seeks a monetary remedy does not require that the action be viewed as legal rather than equitable in nature...." *Gardella v. Mutual Life Ins. Co. of New York,* 707 F.Supp. 627, 629 (D.Conn.1988). Although *Vicinanzo* exhaustively documented the right to a jury trial under ERISA, *see* 739 F.Supp. at 884–91, persuasive precedent suggests that the right is limited. *See Brock v. Group Legal Adm'r, Inc.,* 702 F.Supp. 475, 476 (S.D.N.Y.1989); *In Re Vorpahl,* 695 F.2d 318, 320–22 (8th Cir.1982); *Calamia v. Spivey,* 632 F.2d 1235, 1237 (5th Cir.1980); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820, 829–30 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). The Court is particularly reluctant to grant a jury request in the instance where plaintiff's strongest support for a jury trial, the state tort claim, is no longer a part of the case. Accordingly, plaintiff's request for a jury trial is denied.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, is granted as to plaintiff's second and fifth causes of action. The motion to dismiss is denied as to the third and fourth causes of action in the complaint. In addition, plaintiff's application for a jury trial is denied for the reasons stated above.

SO ORDERED.