Doudou B. JANNEH, Plaintiff,

v.

The REGENCY HOTEL, BINGHAMTON,
Defendant.

No. 92–CV–1260.

United States District Court,
N.D. New York.

Nov. 25, 1994.

**38**

Doudou B. Janneh, plaintiff, pro se.

O'Connor, Gacioch & Pope, Binghamton, NY, for defendant (Jeffrey A. Tait, of counsel).

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

This action alleges a claim of racial discrimination in employment against defendant, The Regency Hotel, Binghamton ("the Regency"). Plaintiff was hired as a night auditor by the Regency on August 12, 1989. He was terminated on September 6, 1989. Plaintiff at all times was an at-will employee. His employment was for an indefinite duration and he has presented no facts giving any indication that the job would last for a specific period of time.

Defendant claims that soon after plaintiff was hired it became apparent that he did not have the experience, knowledge or ability for the night auditor position. Defendant claims that as a result, plaintiff was terminated for unsatisfactory performance. Plaintiff, a black male, asserts that he was terminated because of his race, color and national origin.

After his discharge, plaintiff filed a claim with the New York State Division of Human Rights (DHR) alleging unlawful discrimination under the New York State Human Rights Law. The claim was also filed with the Equal Employment Opportunity Commission (EEOC) alleging unlawful discrimination under Title VII of the Civil Rights Act of 1964 (Title VII). After conducting an investigation, the DHR issued a Determination and Order on October 23, 1991 in which it found no probable cause to support a claim

against the Regency. This determination was confirmed and adopted by the EEOC on May 22, 1992.

The EEOC determination notified plaintiff that he had a right to file a private cause of action in United States District Court within 90 days of receipt of the determination. Plaintiff filed the instant suit on October 1, 1992. It includes claims under Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1988, and New York State Human Rights Law, as well as common law causes of action. Defendant now brings a motion for summary judgment in its favor as does the plaintiff.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is appropriate when no genuine issues of material fact exist, and thus the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). There must be more than a "metaphysical doubt as to the material facts." *Delaware & H. Ry. v. Consolidated Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990), *quoting, Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). All ambiguities must be weighed in favor of the nonmoving party. *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir.1989). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991) *cert. denied,* 502 U.S. 152, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). It is in light of this standard that the court examines plaintiff's claims.

### B. Title VII Claim

Defendant argues that plaintiff's Title VII claim should be dismissed because he filed it approximately 126 days [1] after he received notice from the EEOC that he had a right to file a private cause of action in federal court within 90 days. The EEOC determination was dated May 22, 1992 and

---

1. Defendant bases this supposition on the fact that the EEOC issued its determination on May 22, 1992 and defendant, who resides in the same city as plaintiff, received a copy of the determination on May 27, 1992. Defendant therefore assumes that plaintiff received a copy of the determination at approximately the same time. Plaintiff has made no argument refuting this.

plaintiff has made no argument that he did not timely receive the document by mail. Plaintiff rather argues that this suit was commenced on August 20, 1992.

Documents from the case file show that an application to proceed in forma pauperis was signed by the plaintiff and received by the clerk on August 20, 1992. However, this application and the complaint were not filed until October 1, 1992. The EEOC determination, which plaintiff filed along with his complaint, specifically stated that a private action in district court must be filed within 90 days of receipt of the determination to continue the matter. It also stated that "filing this notice is not sufficient. A court complaint must contain a short statement of the facts of this case which shows that the aggrieved party is entitled to relief." *EEOC Determination*, Charge No. 16G–90–0220, May 22, 1992.

Fed.R.Civ.P. 3 states that "a civil action is commenced by filing a complaint with the court." Since plaintiff did not file a complaint until October 1, 1992, he missed the 90 day deadline regardless of the fact that he provided the clerk's office with an application to proceed in forma pauperis on August 20, 1992. Therefore, plaintiff's Title VII claim must be dismissed for failure to timely file.

### C. 42 U.S.C. §§ 1981 and 1988

 Plaintiff has objected to the dismissal of his claims for relief under 42 U.S.C. § 1981. Plaintiff asserts that he was discriminatorily terminated from his position due to his race, color and national origin. Defendant calls for dismissal on the grounds that at the time these alleged acts occurred § 1981 did not afford relief for discrimination that occurred during an employment relationship, but rather only provided relief for discrimination in the *formation* of an employment contract.

Plaintiff counters this argument essentially saying that because the suit was not filed until after the 1991 Civil Rights Act was enacted, which broadened the scope of § 1981 to provide relief for discrimination that occurs during the *performance* of an employment contract, then the broader provisions of § 1981 should apply to this case.

Plaintiff is incorrect. In *Butts v. City of New York Dept. of Housing,* the Second Circuit, assessing the retroactivity and prospectivity of the 1991 Civil Rights Act under the Supreme Court's two leading cases, *Bradley v. Richmond School Bd.,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) and *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), stated that:

> [w]e ... follow *Bowen's* presumption that the Act is to be applied prospectively only as to Plaintiff's § 1981 suit and decline to follow the *Bradley* retroactivity presumption, since her cause of action accrued prior to the Act's November 21, 1991 effective date and was not pending on appeal at that time.

*Butts v. New York Dept. of Housing Preservation & Dev.,* 990 F.2d 1397, 1411 (2d Cir. 1993).

Following the precedent articulated in *Butts,* this court must similarly dismiss plaintiff's § 1981 claim because the cause of action accrued no later than September 6, 1989, the day Mr. Janneh was terminated by the Regency. This was over two years before the enactment of the Civil Rights Act of 1991, and so at that time § 1981 only applied to discrimination in the *formation* of contracts, and not in their performance. Because plaintiff's claim is solely related to the performance of an employment contract, he has no cause of action under § 1981 and the claim must be dismissed. Furthermore, because the § 1988 claim for attorney's fees is related solely to the § 1981 claim, it too must be dismissed, not to mention the fact that there is no record showing that plaintiff has been represented by an attorney at any point in this action.

### D. New York State Human Rights Law

Defendant asserts that Janneh's claim under New York Human Rights Law is barred because he sought an administrative remedy by first bringing his claim of discriminatory treatment to the DHR. DHR dismissed Janneh's claim on the merits on October 23, 1991, through a Determination and Order After Investigation, finding that there was no

reason to believe that the Regency had acted in a discriminatory manner against Janneh.

Under New York law, when a person chooses an administrative forum, such as the DHR, to file his complaint, and that administrative body subsequently dismisses the complaint for lack of merit, that person cannot later bring a judicial action. *Carter v. AT & T Communications,* 759 F.Supp. 155, 161 (S.D.N.Y.1991). "Were this Court to entertain plaintiff's state-law claim, which plaintiff was instrumental in bringing before the State Division ... plaintiff would have two opportunities to litigate the same claim with the possibility of inconsistent results. Clearly, this is inefficient as well as unfair." *Long v. AT & T Information Systems, Inc.,* 733 F.Supp. 188, 199 (S.D.N.Y.1990). Therefore, plaintiff's claim under New York Human Rights Law must be dismissed.

### E. Common Law Claims

Plaintiff sets forth several common law causes of action: intentional infliction of emotional distress, breach of implied contract, breach of implied covenant of good faith and fair dealing, and termination in violation of public policy in regard to his discharge by the Regency. None of these claims survives summary judgment scrutiny, however.

First, New York law recognizes a one year statute of limitations for intentional torts under CPLR § 215. Intentional infliction of emotional distress is subject to such a one year statute of limitations. *Kelber v. Forest Electric Corp.,* 799 F.Supp. 326, 340–41 (S.D.N.Y.1992); *Clay v. ILC Data Device Corp.,* 771 F.Supp. 40, 45–46 (E.D.N.Y.1991). Since Janneh was terminated on September 12, 1989 and this action was not filed until October 1, 1992 the statute of limitations has clearly run and the claim must be dismissed.

Second, under New York law it is well settled that "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party." *Sabetay v. Sterling Drug, Inc.,* 69 N.Y.2d 329, 514 N.Y.S.2d 209, 211, 506 N.E.2d 919, 920 (1987). At will employees may be discharged at any time unless this right of the employer is curtailed by an express agreement.[2] *Id.; Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 235, 448 N.E.2d 86, 89 (1983). Under this precedent there is no cognizable claim for breach of an implied employment contract in New York, and so plaintiff's claim must fail.

Third, the New York courts have refused to recognize a claim for breach of an implied covenant of good faith and fair dealing. *Sabetay,* 69 N.Y.2d 329, 514 N.Y.S.2d at 212, 506 N.E.2d at 921–22. Thus, plaintiff's claim based on this theory must also fail.

Finally, plaintiff has not shown that his termination violated a public policy that is recognized in New York. At best, plaintiff's public policy claim could be read as an abusive discharge claim under which the interest of the employer in exercising an unrestricted right to terminate an at will employee is balanced against the interest of the community in upholding its laws and public policy. *See Chin v. American Tel. & Tel. Co.,* 96 Misc.2d 1070, 410 N.Y.S.2d 737, 740 (Sup.Ct., New York Co. 1978) (discussing the doctrine of abusive discharge). The doctrine of abusive discharge places upon the plaintiff the burden of showing that a public policy of the state was violated by the defendant. *Id.* 410 N.Y.S.2d at 741. In this case, plaintiff has not declared what public policy has been violated by the Regency, and so his claim must fail.

---

2. An express agreement can be shown in ways other than a direct statement of limitation of the at will relationship. In *Weiner v. McGraw–Hill, Inc.,* 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441 (1982), the New York Court of Appeals held that an express agreement could be shown if: (1) the plaintiff was induced to leave his prior job with the assurance that the new employer would not discharge him without just cause; (2) this assurance was incorporated in the job application; (3) the plaintiff rejected other offers of employment due to his reliance on the assurance; and (4) plaintiff was told to handle termination of his subordinates in strict compliance with the employee manual that only allowed employees to be discharged for just cause. *Weiner,* 57 N.Y.2d 458, 457 N.Y.S.2d at 197, 443 N.E.2d at 445. Janneh has supported no such factors in the case at hand.

■ Moreover, it is clear that even if plaintiff's common law claims could survive the defendant's motion for summary judgment, these claims are no longer appropriate for adjudication by the federal courts because the federal causes of action to which they secured their pendent jurisdiction have been dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (stating that if all federal claims are dismissed before trial the state claims should be dismissed as well).

## III. CONCLUSION

In summary, the court grants defendant's motion for summary judgment in its entirety and denies plaintiff's motion for summary judgment. Since all claims in this suit have been dismissed, the court directs the clerk to enter judgment in favor of the defendant and close the case.

**IT IS SO ORDERED.**