527 F.2d 333
 11 Fair Empl.Prac.Cas. 1316
 Eula Lee BLOWERS, Individually and on behalf of all other
persons similarly
situated, et al., Plaintiffs-Appellants, Equal Employment
Opportunity Commission, Applicant for Intervention-Appellant,
v.
The LAWYERS CO-OPERATIVE PUBLISHING COMPANY et al.,
Defendants-Appellees.
 Nos. 99, 100, 101 and 102, Dockets 75--7210, 75--7211,
75--7212 and 75--7215.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 14, 1975.
Decided Dec. 10, 1975.
 
 Emmelyn Logan-Baldwin, Rochester, N.Y., for plaintiffs-appellants.
 James P. Scanlan, Atty., Washington, D.C. (Julia P. Cooper, Acting Gen. Counsel, Joseph T. Eddins, Jr., Assoc. Gen. Counsel, Beatrice Rosenberg and Charles L. Reischel, Attys., Washington, D.C., on the brief), for E.E.O.C.
 John B. McCrory, Rochester, N.Y. (Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., on the brief), for defendants-appellees.
 Before FEINBERG, GURFEIN and VAN GRAAFEILAND, Circuit Judges.
 PER CURIAM:
 
 
 1
 Despite the length of the briefs in this court, the only issue on appeal is whether the United States District Court for the Western District of New York, Harold P. Burke, J., erred in denying appellant Equal Employment Opportunity Commission (EEOC) permission to intervene in three consolidated sex-discrimination suits brought under Title VII[1] by private individuals against defendant Lawyers Co-operative Publishing Company.[2] The first action was commenced in January 1973, and the others were filed some months later. In October 1974, EEOC moved to intervene in the first action, and made a similar motion a few months later as to the other two, which have since been consolidated with the first. EEOC brought its unsuccessful motion to intervene under 42 U.S.C. § 2000e--5(f)(1), the relevant portion of which is reproduced in the margin.[3]
 
 
 2
 EEOC sensibly concedes that under the language of the statute and under Fed.R.Civ.P. 24(b), its right to intervene is permissive, not absolute. It argues, however, that in denying intervention the district court applied the wrong standard and abused its discretion. We disagree. Whether the standard be that applicable generally to permissive intervention, see 3B Moore, Federal Practice P24.06(2), particularly at 24--94 n. 11 (Supp.1974 at 184), or that sought by EEOC,[4] we cannot say there was reversible error here. In view of the 21 months that went by before EEOC filed its motion although it was aware of the cases almost from the start, the state of discovery when the motion was made, the possibility of delay, and the continued permission EEOC has to participate as amicus, the district judge could properly deny the motion. District courts should not be niggardly in allowing a government agency to intervene in cases involving a statute it is required to enforce; indeed, a hospitable attitude is appropriate. But on this record we cannot say there was an abuse of discretion.
 
 
 3
 Judgment affirmed.
 
 
 
 [1]
 The reference is to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq
 
 
 [2]
 The first action was brought as a class action by Eula Lee Blowers, a former employee of the Lawyers Co-operative Publishing Company, and names as defendants the company and three of its officials. In the other two actions, the Genesee Valley Chapter of the National Organization for Women is a plaintiff, along with other named individuals, and only the company is sued
 
 
 [3]
 42 U.S.C. § 2000e--5(f)(1) reads as follows:
 Upon timely application, the court may, in its discretion, permit the Commission . . . to intervene in such civil action upon certification that the case is of general public importance.
 
 
 [4]
 EEOC argues that once it has filed a certificate of public importance it should be permitted to intervene in a private Title VII action, absent compelling reasons for the denial of intervention