NEW SOUTH MEDIA CORPORATION,
Appellant,

v.

FEDERAL COMMUNICATIONS
COMMISSION, Appellee,

National Citizens Committee for Broadcasting et al., RKO General,
Inc. Intervenors.

Nos. 80–2556, 80–2566 and 80–2567.

United States Court of Appeals,
District of Columbia Circuit.

March 6, 1981.

Before McGOWAN, Chief Judge, ROBINSON,* and EDWARDS, Circuit Judges.

ORDER

PER CURIAM.

The National Citizens Committee for Broadcasting (NCCB) and six other community groups [1] have entered notices of intent to intervene in these consolidated appeals of an order of the Commission designating for a delayed hearing in a consolidated proceeding the applications for renewal of thirteen broadcast licenses of RKO General.[2] NCCB participated in the proceedings before the Commission but has elected not to appeal. The Commission opposes intervention, arguing that NCCB is not an "interested party" within 47 U.S.C. § 402(e) (1976),[3] the provision of the Communications Act of 1934

---

* Circuit Judge Robinson did not participate in this order.

1. The six groups include the National Association for Better Broadcasting, Black Citizens for Fair Media, Committee for Community Access, Chinese for Affirmative Action, the Metropolitan Washington Coalition for Latino Radio, and Citizens Committee on the Media. All references to NCCB include these seven groups.

2. *In re Applications of RKO General, Inc.*, FCC Docket No. 80–562 (November 26, 1980).

3. 47 U.S.C. § 402(e) provides:

Within thirty days after the filing of any such appeal any interested person may intervene and participate in the proceedings had upon said appeal by filing with the court a notice of intention to intervene and a verified statement showing the interest of such party. . . . *Any person who would be aggrieved or whose interest would be adversely affected by a reversal or modification of the order of the Commission complained of shall be considered an interested party.*
(Emphasis furnished).

governing intervention on appeal. It is the Commission's construction of § 402(e) that only those who support affirmance of the Commission's order are permitted to intervene. The Commission also argues that NCCB, because it urges a reversal or modification of the Commission's order, must file its own appeal pursuant to 47 U.S.C. § 402(b) (1976). The Commission has therefore moved to strike NCCB's Notices of Intent to Intervene.

■ The Commission's construction of § 402(e) is without merit. NCCB, as a "person aggrieved" or "adversely affected" by the Commission's order, is entitled to appeal pursuant to § 402(b)(1) and (b)(6).[4]

---

**4.** Section 402(b) grants the right to appeal to
(1) ... any applicant for a construction permit or station license, whose application is denied by the Commission.
(6) ... any other person who is aggrieved or whose interests are adversely affected by any order of the Commission granting or denying any application described in [¶ 1].

Even though it chose not to appeal, it has sought intervention in the appeals brought in Nos. 80–2556, 80–2566 and 80–2567 in order to protect its interests. The Commission would have us define "interested person" in § 402(e) in such a way as to limit intervention to non-aggrieved parties. We reject this interpretation. To accept the Commission's position would be to render superfluous the first sentence in § 402(e).[5]

■ We hold that one who has standing to file an appeal under § 402(b) may, instead, intervene pursuant to the first sentence in § 402(e) in an appeal of the same proceeding brought by another party.[6] Accordingly, the motions to strike must be denied.

---

**5.** Cf. Office of Communication of United Church of Christ v. FCC, 359 F.2d 994, 1000 n.8 (D.C.Cir.1966).

**6.** In order to protect the interests of the party that prevailed before the Commission when the Commission's decision is reviewed on appeal, the last sentence of § 402(e) permits the non-aggrieved party to intervene as a matter of right and participate in the appeal.