Pat CANTERINO, et al., Plaintiffs,

and

The United States of America, Plaintiff-Intervenor,

v.

George WILSON, et al., Defendants.

Civ. A. No. 80–0545–L.

United States District Court, W. D. Kentucky, Louisville Division.

March 26, 1982.

**63**

Susan Deller Ross, Charles Ory, Terisa E. Chaw, U. S. Justice Dept., Civ. Rights Div., Sp. Litigation Section, Washington, D. C., for plaintiff-intervenor.

Walker Bledsoe Smith, David A. Friedman, Legal Aid Society, Inc., Leslie W. Abramson, Louisville, Ky., Claudia T. Wright, ACLU Nat. Prison Project, Washington, D. C., for plaintiffs.

Barbara W. Jones, Gen. Counsel, Linda G. Cooper, Corrections Cabinet, J. Gary Bale, Dept. of Ed., Frankfort, Ky., for defendants.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

This action is before the Court on defendants' response to the motion and complaint in intervention of the United States Department of Justice. This Court granted the United States leave to intervene and ordered the intervening complaint filed by Order of March 10, 1982. Defendants seek reconsideration of that order. All parties have submitted briefs on the issue and, for the reasons stated below, the Court will not disturb its earlier ruling.

Defendants contend that the United States must follow the procedures set forth in the Civil Rights of Institutionalized Persons Act of 1980 (Pub.L.96–247, 42 U.S.C. § 1997 et seq.), and that the intervention is untimely. The motion of the United States for leave to intervene was filed under Rule 24(a)(1), F.R.C.P., and Section 902 of Title IX of the Civil Rights Act of 1964, 42 U.S.C. Section 2000h–2. The Court is convinced that the right of the United States to intervene in civil rights actions was expanded, not restricted, by enactment of the Civil Rights of Institutionalized Persons Act of 1980. Thus, intervention under the Civil Rights Act of 1964 is perfectly proper when the requirements of that Act have been met.

The legislative history of the Civil Rights of Institutionalized Persons Act of 1980 bolsters this conclusion. The Report of the Senate Judiciary Committee on Public Law 96–247 specifically recognized the right of the Attorney General to intervene in prisoner civil rights actions in which there is an allegation of a denial of equal protection on account of race, religion, sex, or national origin under 42 U.S.C. § 2000h–2. The Committee Report went on to note:

Once admitted as a party to such actions, he [the Attorney General] has been able to append additional charges challenging the Constitutionality of the conditions of confinement. However, where no evidence exists to suggest either racial segregation or other grounds for claiming a denial of equal protection, the Attorney General faces the same lack of statutory authority that exists with respect to institutions for the civilly committed.

Senate Report No. 96–416, 96th Cong., 2d Sess., reprinted at 1980 U.S.Code Cong. & Admin.News 787, 797.

It is apparent that the Civil Rights of Institutionalized Persons Act was designed to give the Attorney General broad powers to enforce Constitutional rights of institutionalized persons in areas that were previously beyond the scope of his authority. As the legislative history shows, the Attorney General had only limited authority to intervene in conditions of confinement cases before the Act. The complaint in intervention, however, does not address plaintiffs' conditions of confinement claims. It is limited to allegations of sex discrimination arising out of the equal protection claims that have been asserted. The authority for such an intervention is found in 42 U.S.C. § 2000h–2. It existed prior to enactment of Public Law 96–247, and the vitality of that right was not diminished by the enactment of legislation which expanded the authority of the Attorney General to intervene in many other kinds of cases concerning institutionalized persons.

The cases cited by the parties do not conflict with this interpretation. Rather, they reinforce the conclusion that the Civil Rights of Institutionalized Persons Act *expands* the right of the United States to bring or intervene in actions for vindication of inmates' Constitutional rights. *United States v. Elrod*, 627 F.2d 813 (7th Cir. 1980). In this action, unlike *Elrod*, statutory authority for intervention exists independently of the Civil Rights of Institutionalized Persons Act. It would be an abuse of judicial power to graft the requirements of that Act on to an intervention under 42 U.S.C. § 2000h–2.

Plaintiffs are seeking relief from an alleged denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of sex. The Attorney General has certified that the case is one of general public importance. Thus, intervention under the Civil Rights Act of 1964 is proper if the application for intervention was timely. 42 U.S.C. § 2000h–2.

The Supreme Court addressed the question of timeliness of an intervention in *NAACP v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). The Court held in that case:

Although the point to which the suit has progressed is one factor in the determination of timeliness [of an attempt to intervene], it is not solely dispositive. Timeliness is to be determined from all the circumstances. And it is to be determined by the Court in the exercise of its sound discretion; unless that discretion is abused, the Court's ruling will not be disturbed on appeal.

*Id.* at 365–366, 93 S.Ct. at 2602–03 (footnotes omitted).

■ The Court is aware that the motion to intervene was made less than six weeks before trial, when this action has been pending for over a year and a half (with the knowledge of the Justice Department). The time for discovery is rapidly coming to a close. The intervening complaint, however, deals with the important, but relatively narrow, issues of vocational and work programs administered by defendants. The underlying complaint concerns a broad variety of other claims. The Court believes that the participation of the United States will aid in the just resolution of the issues in the intervening complaint, without substantial prejudice to the ability of the defendants to present their case.

No new issues are put in dispute by the intervening complaint. Defendants were already preparing for the claims asserted before the motion to intervene was made. The United States has represented to the Court that no delay in the trial date of this case will result from its participation.

Thus, in view of the narrowness of the issues raised in the intervening complaint, the fact that those issues are already in dispute, and the Congressional policy articulated in 42 U.S.C. § 2000h–2, this Court must conclude that the intervention is timely.