**McELREA, Dorothy**

v.

**VOLT INFORMATION SCIENCES, INC. and DiPippo, Gerard L.**

Civ. A. No. 86–5882.

United States District Court, E.D. Pennsylvania.

Oct. 15, 1987.

George P. Wood, Norristown, Pa., for plaintiff.

Carmen R. Matos and Spencer H. Lewis, Cynthia Locke, EEOC, Philadelphia, Pa., for intervenor E.E.O.C.

Ronald H. Surkin, Peter S. Pantaleo, Mark Blondman, Andrea B. Wapner, Philadelphia, Pa., for defendant.

## MEMORANDUM—ORDER

CLIFFORD SCOTT GREEN, District Judge.

Pending before the court is a motion by the Equal Employment Opportunity Commission ("EEOC" or "the Commission") for leave to intervene in the above-captioned matter. This court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 2000e–2 and 2000e–5, 28 U.S.C. §§ 1337 and 1343. For the reasons stated below, the EEOC's motion shall be granted.

The plaintiff, Dorothy McElrea brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1981), charging defendants Volt Information Sciences, Inc. ("Volt") and Gerard L. DiPippo with sex discrimination, sexual harassment and a variety of state law claims. In her complaint, plaintiff alleges that (1) during the course of her employment at Volt from April to September 1985, her supervisor Mr. DiPippo continually harassed her and sought sexual favors from her; (2) that Volt officials despite her repeated complaints did nothing to resolve the matter; (3) that she wrongfully had been denied salary increases; (4) that sexual harassment so permeated her work environment that she was forced to terminate her employment on or about September 5, 1985. Plaintiff thereafter filed a charge of sex discrimination and sexual harassment with the EEOC and received a right to sue notice from the Commission in July of 1986. Plaintiff filed this action on October 7, 1986. On April 21, 1987, the EEOC petitioned this court for leave to intervene.

■ In determining whether to allow the Commission to intervene this court is guided by the Federal Rules of Civil Procedure. Rule 24(b) provides for permissive intervention where a federal statute of the United States confers a conditional right to intervene and the application for intervention is timely. In exercising its discretion under the Rule, a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b).

■ Here, a federal statute does authorize the conditional intervention of petitioner EEOC. Section 706(f) of Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) provides, in pertinent part:

> Upon timely application, the court may, in its discretion, permit the [Equal Employment Opportunity] Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance.

In its supporting memorandum the Commission has certified to the court's satisfaction that its intervention in this matter is in the public interest. With regard to the prejudice to the parties, I find that does not present a problem where the EEOC intervenes solely on behalf of plaintiff and plaintiff supports the Commission's intervention, and the intervention order does not authorize the enlargment of the scope of the proceeding to the detriment of defendants.

Accordingly, this 14th day of October, 1987, IT IS ORDERED that the EEOC's motion for leave to intervene is GRANTED. IT IS FURTHER ORDERED that a status conference is scheduled for November 20, 1987 at 3 p.m. in chambers.