Paulette WURZ, Plaintiff,

v.

BILL EWING'S SERVICE CENTER, INC., and William L. Ewing, Jr., Defendants.

No. 89–1405–T.

United States District Court, D. Kansas.

Oct. 30, 1989.

Kris J. Kuhn of the firm of Arn, Mullins, Unruh, Kuhn & Wilson, Wichita, Kan., for plaintiff.

Kurt A. Harper of the firm of Sherwood, Hensley, Harper & Gregory, Wichita, Kan., for defendants.

C. Felix Miller, Senior Trial Atty., E.E. O.C., St. Louis, Mo., for intervenor E.E. O.C.

## ORDER AND MEMORANDUM

JOHN B. WOOLEY, United States Magistrate.

Before the court on this 30th day of October, 1989 is the Equal Employment Opportunity Commission's (EEOC) Motion for Leave to Intervene with Memorandum in Support (Dkt. Nos. 6 and 7, filed September 11, 1989). Pursuant to Rule 24(b)(1), FRCvP, and 42 U.S.C. § 2000e–5(f)(1), the EEOC seeks to intervene in the instant sexual harassment civil rights action. Stating the instant case is not one of general public importance and has been improperly certified by the EEOC, defendants oppose the Motion to Intervene and request oral argument. *See* "Defendants' Reply to Equal Employment Opportunity Commission's Motion for Leave to Intervene" and "Request for Oral Argument" (Dkt. Nos. 9 and 11, respectively, filed September 19, 1989). The EEOC has replied to defendants' responses, and the issue is fully briefed. *See* Reply of Movant for Intervention and Reply of Movant for Oral Argument (Dkt. Nos. 13 and 14, filed September 27, 1989).

Since oral argument would not materially aid the court in the decision of the instant controversy, the court will decide the motion in chambers. D.Kan. Rule 206(d).

Permissive intervention into an action is governed by Rule 24(b). Rule 24(b) provides for permissive intervention where a statute of the United States confers a conditional right to intervene and the application for intervention is timely. However, in exercising its discretion under Rule 24(b), a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Moreover, "[d]istrict courts should not be niggardly in allowing a government agency to intervene in cases involving a statute it is required to enforce; indeed, a hospitable attitude is appropriate." *Spirt v. Teachers Ins. and Annuity Ass'n,* 93 F.R.D. 627, 635–36 (S.D.N.Y. 1982) (quoting *Blowers v. Lawyers Co–Operative Publishing Co.,* 527 F.2d 333, 334 (2d Cir.1975)); 7C C. Wright, A. Miller &

M. Kane, *Federal Practice & Procedure*, § 1912, at 372–75 (1986).

The EEOC is authorized by federal statute to conditionally intervene in the instant action. Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1) provides in pertinent part:

> Upon timely application, the court may, in its discretion, permit the [Equal Employment Opportunity] Commission, or the Attorney General in a case involving a government, governmental agency, or political sub-division, to intervene in such civil action upon certification that the case is of general public importance.

"There are thus three prerequisites to EEOC intervention: certification that the case is of general public importance; timely application, and permission of the district court." *Harris v. Amoco Production Co.*, 768 F.2d 669, 676 (5th Cir.1985), *cert. denied, Amoco Production Co. v. EEOC*, 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986); *McElrea v. Volt Information Sciences, Inc.*, 119 F.R.D. 630, 631 (E.D.Pa. 1987).

▪ Defendants argue that the instant cause is not one of general public importance, and the EEOC general counsel's certificate of public importance is unsupported and inadequate. While the EEOC's certificate of public importance is conclusionary, the defendants do not cite, and the court has not found, any authority that the EEOC's certification of public importance is not entitled to great judicial deference. In fact, the case law supports the opposite. *Meyer v. MacMillan Publishing Co.*, 85 F.R.D. 149, 150–51 (S.D.N.Y.1980); *Jones v. Holy Cross Hospital, Silver Springs, Inc.*, 64 F.R.D. 586, 591 (D.Md.1974). The court finds that the instant action is of sufficient public importance to comply with 42 U.S.C. § 2000e–5(f)(1).

▪ The court further finds that the application for intervention is timely. The instant action was filed on July 31, 1989, and defendants filed their Answer on August 18, 1989. Generally, the timeliness of an application for intervention under Rule 24 is a question within the sound discretion of the trial court to be determined by all the relevant circumstances; whether a motion to intervene is timely is not judged merely by the calendar but also by the purpose for which the intervention is sought, the length of time the applicant for intervention knew of its interest in the suit before moving for leave to intervene and whether the requested intervention will delay the litigation or prejudice a party to the action. *Spirt*, 93 F.R.D. at 637. Delay, alone, is insufficient to mandate denial of a motion to intervene. *Meyer*, 85 F.R.D. at 150 (given a lack of prejudice to the defendant, the court granted the EEOC's Motion to Intervene which was not filed until five (5) years after the original Complaint was filed with the EEOC and a year and a half after the case was filed). Given a total lack of prejudice to the defendants, six (6) weeks from the filing of the action is not an unreasonable amount of time within which to file a motion to intervene.

Finally, defendants argue that the intervention of the EEOC will unduly delay the prosecution of this action and will unduly prejudice defendants. Defendants point out that five out of six counts are state contractual or tort claims. Therefore, defendants argue, not only does plaintiff's Complaint have little public interest but the presence of the EEOC would tend to interfere with efficient discovery on the five pendent state claims. Defendants further state that the EEOC seeks to expand the scope of the action by seeking injunctive relief.

▪ The court finds that intervention of the EEOC will not unduly delay this action or prejudice the defendants. All six counts are related and will be disposed of by answering the factual question: Did defendant William Ewing sexually harass plaintiff and did the corporate defendant illegally condone defendant Ewing's actions. Accordingly, the court finds that all the prerequisites for the EEOC intervention have been met and that the court's discretion should be exercised in favor of allowing the intervention.

IT IS THEREFORE ORDERED that the EEOC's Motion to Intervene be, and it hereby is granted. The EEOC shall file its

Intervenor's Complaint forthwith. Defendants shall have twenty (20) days from the filing of the Complaint to answer.

IT IS, BY THE COURT, SO ORDERED.