**REDLAND INSURANCE COMPANY,**
**Plaintiff,**

v.

**CHILLINGSWORTH VENTURE,**
**LTD., et al., Defendants.**

No. 5:96CV1854.

United States District Court,
N.D. Ohio.

March 11, 1997.

Alton L. Stephens, Michael Terence Cawley, Cleveland, OH, for plaintiff.

Jerry A. Eichenberger, Kristen H. Smith, Columbus, OH, Peggy J. Schmitz, J. Douglas Drushal, Wooster, OH, for defendants.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

In this declaratory judgment, Motions to Intervene were filed by Carolyn Delli Bovi, individually and as the executrix of the estate of Kirk J. Delli Bovi and Marian Yeagley, individually and as executrix of the estate of Duane Yeagley (Dkt.# 26), Timothy Feist, as personal representative of the Estate of Katherine Feist; (Dkt.# 28) and Marlene Rodgers, as personal representative of the Estate of Paul W. Rodgers (Dkt.# 31). As grounds, movants claim disposition may impair their ability to collect on any judgment they may ultimately obtain in the underlying tort actions. For the reasons set forth below, the motions are denied.

### BACKGROUND

On July 8, 1996, a helicopter owned by Chillingsworth Ventures, Ltd. ("Chillingsworth") crashed causing the death of the pilot and four passengers. The passengers were Kirk Delli–Bovi, Duane Yeagley, Katherine Feist and Paul W. Rogers. Ted Stults ("Stults") and Chillingsworth have asserted the right to be defended and indemnified by Redland Insurance Company ("Redland") pursuant to an insurance contract issued to them by Redland.

In response, Redland filed this declaratory judgment action on August 26, 1996 pursuant to 28 U.S.C. §§ 2201 and 2202. Redland seeks a judgment stating that under the policy, it has no obligation to defend or indemnify Chillingsworth and Stults with respect to the July 8, 1996 accident. Representatives of the deceased passengers now seek interven-

tion in this declaratory action pursuant to Fed.R.Civ.P. 24(a) or in the alternative Fed.R.Civ.P. 24(b).

## INTERVENTION

### A. Intervention of Right

Under the Federal Rules of Civil Procedure, an outsider may intervene as "of right":

> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). The Sixth Circuit Court of Appeals has "interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997), *citing Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir.1993).

### 1. Timeliness

The Sixth Circuit has directed district courts to consider the following factors in determining whether a motion to intervene is timely: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstance militating against or in favor of intervention. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989).

The present action was filed in August of 1996. The Case Management Order established a discovery deadline of July 15, 1997 and the parties were granted until March 1, 1997 to file motions to amend their pleadings or add parties. The motions to intervene were filed in January of 1997. At that time, discovery was not completed and the time for amending the pleadings to add parties had not yet passed. As such, the motions were filed while the case was in its initial stage. Furthermore, intervention would not prejudice the original parties. Therefore, the motions were timely.

### 2. Substantial Legal Interest

There is no clear definition of what constitutes a litigable "interest" for purposes of intervention under Fed.R.Civ.P. 24(a)(2). *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir.1987). The Supreme Court has noted that "[w]hat is obviously meant [by Fed.R.Civ.P. 24(a)(2) ] is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 532, 91 S.Ct. 534, 543, 27 L.Ed.2d 580 (1971). Similarly, the Sixth Circuit has required a "direct, substantial interest" in the litigation which must be "significantly protectable." *Jansen v. City of Cincinnati*, 904 F.2d 336, 341; *Grubbs*, 870 F.2d at 346. The Sixth Circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right. *Michigan State AFL–CIO v. Miller*, 103 F.3d at 1245.

■ In the present matter, the Court is confronted with claimants' right to intervene in a declaratory judgment action involving the issue of insurance coverage. The appropriateness of such an intervention has caused a split in the courts which have confronted this question. *New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549 (D.R.I.1986) (permitting intervention); *St. Paul Fire & Marine Ins. v. Summit–Warren Ind.*, 143 F.R.D. 129 (N.D.Ohio 1992) (permitting lessor to intervene in declaratory judgment action brought by lessee's insurer for determination of its obligation to indemnify lessee from lessor's third-party claim against it) *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.*, 105 F.R.D. 106

(D.D.C.1985) (tort claimants' interest in declaratory judgment action involving insurance company's obligation to defend alleged tortfeasor was purely hypothetical absent a judgment in the tort action), aff'd. without opinion, 784 F.2d 1131 (D.C.Cir.1986) (denying intervention); *Liberty Mut. Ins. Co. v. Pacific Indem. Co.,* 76 F.R.D. 656 (1977) (holding that plaintiff in personal injury action could not intervene in declaratory judgment action as his interest was contingent and not direct since no judgment had been obtained in the tort action). This court finds tie reasoning of the latter authority persuasive.

Movants have nothing more than a hypothetical interest in the present action as they are yet to obtain a judgment in the tort action. Absent a present, noncontingent interest in the insurance policies at issue in this declaratory judgment action, they lack the "significantly protectable interest" required for intervention as of right. Consequently, movants fail to satisfy the "substantial legal interest" element and thus, are not entitled to intervene as "of right."

Since, movants have failed to satisfy this element, it is unnecessary to address the remaining elements.

### B. Permissive Intervention

 Fed.R.Civ.P. 24(b) provides:

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of die original parties.

If the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors should be considered. *Michigan State AFL–CIO,* 103 F.3d at 1248.

As stated previously, the motion to intervene was timely and there are questions of fact and law which are common to both the tort actions and the declaratory judgment action. However, intervention will serve to complicate the declaratory judgment action by allowing issues of negligence and damages to surface. The present action seeks nothing more than a determination of whether or not Redland has an obligation to defend and indemnify Chillingsworth and Stults. Allowing movants to intervene would only serve to complicate and delay this litigation. The movants were not parties to the insurance contract issued by Redland to Chillingsworth and they were not involved in the application process. Therefore, the Court finds that intervention can only complicate and delay the declaratory judgment action.

### CONCLUSION

For the reasons set forth above, the Court finds movants' motions lack merit. Therefore, the Motions to Intervene (Dkt. # s 26, 28 and 31) are **DENIED.**

**IT IS SO ORDERED.**