UNITED STATES of America, Plaintiff,

Quintarus Jenkins, Khesha Jenkins, and Mheria Lashai Jenkins, Plaintiff–Intervenors,

Mary Trainor, Kate Trainor, Mary Beth Jeffers, Patricia Thompson, and James Thompson, Proposed Plaintiff–Intervenors,

v.

MARSTEN APARTMENTS, INC., a Michigan corporation, Labana Management Company, a Michigan corporation, Santokh Singh Labana, Lorraine Labana, Charles J. Padgett (a.k.a. Jerry Padgett), and Lillian Padgett, Defendants.

No. 95–CV–75178–DT.

United States District Court, E.D. Michigan, Southern Division.

June 16, 1997.

Pamela Thompson, Asst. U.S. Atty., Detroit, MI, Timothy Moran, U.S. Dept. of Justice, Washington, DC, for plaintiff.

Victoria Roberts, Goodman, Eden, Miller & Bedrosian, PC, Detroit, MI, for plaintiff-intervenors.

Stephen Ryan, Raymond & Prokop, PC, Southfield, MI, for Marsten Apartments, Labana Management, Santokh Labana, Lorraine Labana.

James O'Leary, Denfield, Timmer, Jamo & O'Leary, Lansing, MI, for Charles & Lillian Padgett.

## OPINION AND ORDER GRANTING MOTION TO INTERVENE

KOMIVES, United States Magistrate Judge.

### I. *OPINION*

#### A. *Background*

##### 1. *Procedural Background*

■ The United States of America brings this action pursuant to the Fair Housing Act of 1988, 42 U.S.C. § 3614(a). The United States alleges that defendants have engaged in a pattern or practice of discrimination on the basis of race, color, and familial status at the Marsten Apartments, located in Allen Park, Michigan. On May 1, 1997, Judge Cohn referred all pending and future non-dispositive motions to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). On May 21, 1997, the Court held a hearing on a number of pending motions, including this motion to intervene. At

that time, the Court granted the motion to intervene, for the reasons that follow.[1]

### B. Analysis

■■■ Under the Federal Rules of Civil Procedure, a non-party may intervene in an action either as of right in certain circumstances, and in other circumstances with the Court's permission. In relevant part, Rule 24 provides:

> (a) **Intervention of Right.** Upon timely application anyone *shall* be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene. . . .
>
> (b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . .

FED. R. CIV. P. 24. "The purpose of the rule allowing intervention is to prevent a multiplicity of suits where common questions of law or fact are involved." *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990); *accord Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Department of the Interior*, 100 F.3d 837, 844 (10th Cir.1996). "Rule 24 is to be construed liberally with all doubts resolved in favor of permitting intervention." *Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 626 (S.D.Iowa 1993), *modified on other grounds*, 151 F.R.D. 338 (S.D.Iowa 1993); *accord Arkansas Elec. Energy Consumers v. Middle South Energy, Inc.*, 772 F.2d 401, 404 (8th Cir.1985); *Warheit v. Osten*, 57 F.R.D. 629, 630 (E.D.Mich.1973) ("[I]t is well understood that the rule should be read to allow intervention in as many situations as possible."). As with all the Federal Rules of Civil Procedure, Rule 24 must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1.

### 1. Timeliness

■■■ Regardless of whether the proposed intervenors seek intervention of right under Rule 24(a) or permissive intervention under Rule 24(b), the first issue the Court must resolve is whether their motion is timely. The Sixth Circuit has identified five factors relevant to determining whether an intervention is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989); *accord Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395–96 (6th Cir.1993); *Redland Ins. Co. v. Chillingsworth Venture Ltd.*, 171 F.R.D. 206, 207 (N.D.Ohio 1997). No one factor is dispositive; rather, "[t]imeliness should be evaluated in the context of all relevant circumstances." *Grubbs*, 870 F.2d at 346 (citing *Bradley v. Milliken*, 828 F.2d 1186, 1191 (6th Cir.1987)). *See generally, NAACP v. New York*, 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973).

■■■ Here, these factors weigh in favor of finding the proposed intervention timely. First, the suit is still in the pretrial stage, and although some discovery has been taken the case is not significantly close to trial. *See, e.g., Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342, 1349 (5th Cir.1980) (intervention timely "where the substantial litigation of the issues had not been com-

---

1. A motion to intervene is a nondispositive motion which may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *See Commack Self–Serv. Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 95 (E.D.N.Y.

1996); *cf. Yorkshire v. United States Internal Revenue Serv.*, 26 F.3d 942, 944 n. 3 (9th Cir. 1994); *Granito v. Sunn*, 594 F.Supp. 410, 413 (D.Hawai'i 1984).

menced when the motion to intervene was filed.") (internal quotation omitted); *Usery v. Brandel,* 87 F.R.D. 670, 675 (W.D.Mich. 1980); *Alexander v. Hall,* 64 F.R.D. 152, 157 (D.S.C.1974) (timeliness of intervention does not depend on actual time since filing of case but rather "depends more upon the readiness of the case for trial."). Second, intervention is sought here to assert rights under the Fair Housing Act, a broad, remedial statute entitled to a generous construction. *See, e.g., Epicenter of Steubenville, Inc. v. City of Steubenville,* 924 F.Supp. 845, 849 (S.D.Ohio 1996).

Third, there was not a significant length of time between the period the proposed intervenors knew of their claim and the time they filed their motion to intervene. Defendants assert that the motion to intervene is untimely because "documents disclosing the names of the proposed intervenors were given by Defendants to the U.S. *before* this lawsuit was even filed, i.e., in August of 1995." Def.s' Br. in Opp'n to Proposed Intervenors' Mot. to Intervene as Pls. at 8. However, when the government as plaintiff learned of the possible claims of the proposed intervenors is not relevant to the timeliness determination. Rather, the relevant issue is when the proposed intervenors learned of their possible claims. Here, the proposed intervenors assert that they did not learn of their potential claims until the day before the Court's December 20, 1996 hearing on the previously filed motion to intervene. They filed their motion only two months later, on February 21, 1997. Accordingly, the proposed intervenors have not significantly delayed the bringing of their motion to intervene.

Fourth, defendants are not unduly prejudiced by allowing intervention. Although some additional discovery may need to be taken, this is alone is insufficient to establish prejudice. *See, e.g., Meyer v. MacMillan Publ'g Co., Inc.,* 85 F.R.D. 149, 150 (S.D.N.Y. 1980) (prejudice is not established merely because "additional discovery will be conducted, the number of motions increased, and

the issues for trial enlarged."). Nor is the fact that the proposed intervenors assert state law claims not asserted by the government sufficient to establish prejudice where, as here, the additional claims asserted by the proposed intervenors arise from the same set of operative fact which must be proven at trial to support the claims already asserted by the government. *See, e.g., Wurz v. Bill Ewing's Serv. Ctr., Inc.,* 129 F.R.D. 175, 177 (D.Kan.1989). Finally, there are no exceptional circumstances weighing either in favor of or against intervention. Because the relevant factors weigh in favor of a finding of timeliness, the Court concludes that the motion of the proposed intervenors is timely under Rule 24. Accordingly, the Court will consider whether the proposed intervenors are entitled to intervene as of right under Rule 24(a)(1) or are entitled to permissive intervention under Rule 24(b).

### 2. *Intervention of Right*

■ The proposed intervenors allege that they were discriminated against by defendants as part of the pattern and practice of discrimination alleged by the United States, and seek to intervene to pursue their individual claims for money damages. Under section 3614, "any person *may* intervene in a civil action commenced by the Attorney General under [section 3614] which involves an alleged discriminatory housing practice with respect to which such person is an aggrieved party[.]" 42 U.S.C. § 3614(e) (emphasis added). Defendants argue that the use of the word "may"—rather than "shall"—suggests that the statute does not confer an unconditional statutory right to intervene.[2] The Court disagrees. First, although "may" usually connotes the permissive and "shall" the mandatory, "there is not simple mechanical test for determining whether a provision should be given mandatory or directory effect." 3 NORMAN J. SINGER, SUTHERLAND ON STATUTES & STATUTORY CONSTRUCTION § 57.03, at 7 (5th ed.1992). Thus, in determining whether statutory provisions are mandatory

2. Neither party has cited, and the court has not been able to locate, any case addressing whether § 3614(e) provides an unconditional right to intervene, although at least one commentator has

suggested that it does. *See* 6 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 24.02[4][d], at 24–20 through 24–21 (3d ed.1997).

or discretionary a court should look at the language, legislative history, and purpose of the statute. *Id.; see also, United States v. Rodgers*, 461 U.S. 677, 706, 103 S.Ct. 2132, 2149, 76 L.Ed.2d 236 (1983).

Here, § 3614(e) does, in one sense, confer a discretionary right. However, the controlling issue for purposes of determining whether the proposed intervenors have an unconditional statutory right to intervene under Rule 24(a) is the identity of the person in whom that discretion is vested. The relevant portion of the statute provides that "any person [who is an aggrieved party] may intervene." 42 U.S.C. § 3614(e). The discretion conferred here—whether or not to intervene—is not conferred on this Court, but rather is vested in the aggrieved party. As a simple matter of grammar, the use of the word "may" in a statute indicates that the decision is committed to the discretion of the party authorized to take the action. *See Matzke v. Block*, 542 F.Supp. 1107, 1114 (D.Kan.1982). Thus, as one court has phrased it, "[t]he word 'may,' when used in a statute, usually gives discretion *to those charged with enforcement* of the statute." *United States v. Markgraf*, 736 F.2d 1179, 1182 (7th Cir.1984) (emphasis added); *see also, International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1005 (2d Cir.1993) ("The verb 'may' generally denotes a grant of authority that is merely permissive.").

Here, it is the aggrieved parties that are "charged with enforcement," through intervention in a suit brought by the government, of their statutory rights under the Fair Housing Act. Put another way, while § 3614(e) provides a grant of authority that is merely permissive, it is a grant of authority to the aggrieved parties, and not to the Court. So long as a party chooses to exercise its discretion to intervene in a manner which is procedurally correct under Rule 24(a), the Court has no discretion to deny such intervention. Accordingly, although they are certainly free not to exercise such a right, the proposed intervenors have an unconditional right to intervene under 3614(e), and are thus entitled to intervene by right pursuant to Rule 24(a). This result is consistent with the remedial purpose of the Fair Housing Act and the liberal intervention policy underlying Rule 24.

Furthermore, this interpretation is consistent with the interpretation given similar intervention language in other statutes. For example, in *Brotherhood of R.R. Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947), the Supreme Court considered whether section 17(11) of the Interstate Commerce Act provided a union the right to intervene in an action brought under the Act. As it existed at the time, the relevant statute provided: "'Representative of employees of a carrier, duly designated as such, *may intervene* and be heard in any proceeding arising under this Act affecting such employees.'" *Id.* at 526, 67 S.Ct. at 1391 (quoting 49 U.S.C. § 17(11)) (emphasis added). Although the statute said that the interested parties "may" intervene, the Court held: "In our view, § 17(11) of the Interstate Commerce Act does give the Brotherhood *an absolute right* to intervene in the instant proceeding within the meaning of Rule 24(a)(1)." *Id.* (emphasis added). Courts interpreting other intervention provisions have reached the same result. *See, e.g., New South Media Corp. v. Federal Communications Comm'n*, 644 F.2d 37, 38 & n. 6 (D.C.Cir.1981) (per curiam) (Communications Act of 1934 section providing that "any interested person may intervene and participate" in a pending appeal, 47 U.S.C. § 402(e), "permits the [interested] party to intervene as a matter of right and participate in the appeal."); *Brown v. United States*, 570 F.Supp. 640, 642 (S.D.Ohio 1983) (Under Internal Revenue Code section 7424, 26 U.S.C. § 7424, which provides that in a civil suit "the United States may intervene in such action or suit to assert any lien arising under" the Internal Revenue Code, "[i]t is undisputed that the United States has the right to intervene[.]"); *Carter v. School Bd. of W. Feliciana Parish*, 569 F.Supp. 568, 569 (M.D.La.1983) (treating motion to intervene under § 902 of Title IX, 42 U.S.C. § 2000h–2, which provides that in an action alleging denial of equal protection "the Attorney General for or in the name of the United States may intervene," as a motion to intervene as of right under Rule 24(a)); *Canterino v. Wil-*

*son,* 538 F.Supp. 62, 63–64 (D.Ky.1982) (same).[3]

### 3. *Permissive Intervention*

 Furthermore, even if defendants are correct that § 3614(e) does not create an unconditional right to intervene, intervention is appropriate under Rule 24(b). Although the claims of the proposed intervenors are not identical to those asserted by the intervenors already in the case or by the government, they arise from, and are closely related to, those claims. Many, if not most, of the legal and factual issues relevant to the government's claims will also bear on the claims of the proposed intervenors. Thus, the concerns for judicial economy underlying Rule 24(b) would best be served by allowing intervention. As Judge Cohn indicated in granting a previous motion to intervene, if the proposed intervenors filed a separate lawsuit, it would likely be consolidated and tried with the current case. Further, the evidence supporting both the government's claims and those of the proposed intervenors is largely the same. Tr. of Hr'g on Mots. to Intervene and Compel, 12/20/96, at 6–8. Accordingly, even assuming that the proposed intervenors do not have an unconditional statutory right to intervene, the Court finds permissive intervention under Rule 24(b) appropriate.

## II. *ORDER*

In view of the foregoing, the Court finds that the motion of the proposed intervenors is timely and that the proposed intervenors are entitled to intervene of right pursuant to FED. R. CIV. P. 24(a)(1) and 42 U.S.C. § 3614(e). In the alternative, the Court finds that the proposed intervenors, in the interests of judicial economy, should be permitted to intervene pursuant to FED. R. CIV. P. 24(b). Accordingly, it is ORDERED that the motion of proposed intervenors Mary Trainor, Kate Trainor, Mary Beth Jeffers, Patricia Thompson, and James Thompson is hereby GRANTED.

3. The proposed intervenors also assert that they have a right to intervene under Rule 24(a)(2) because they have an interest in the subject matter of the litigation. However, because the Court concludes that the intervenors have an uncondi-

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

tional statutory right to intervene under Rule 24(a)(1), and in the alternative that permissive intervention is appropriate, it is unnecessary for the Court to address this argument.